Silas M. Waite *v.* Windham County Mining Company.

## *Corporations. Auditors. Directors.*

Where the treasurer of a corporation was appointed at a meeting of the corporation at the time and place specified in the by-laws and performed the duties of his office for over two years and until he resigned, and his proceedings were acquiesced in by all parties interested, as being entirely satisfactory, the fact that the records of the corporation do not show that such meeting was called according to the requirements of the by-laws, or that a majority of the stock was represented at such meeting, which was also required by the by-laws, is but an apparent irregularity in his appointment, and cannot be set up by the corporation to defeat his recovering a just compensation for his services.

The by-laws of the Windham County Mining Company required that a committee should be appointed by the directors to audit the accounts of the treasurer and all the money accounts of the corporation; and a committee of two was appointed for that purpose. *Held,* that the action of that committee was not conclusive upon the corporation until the same had been accepted and adopted by the board of directors.

Nor would the acceptance and adoption of their action by a board of directors, of which the committee were members, be conclusive, where at such acceptance and adoption, one of their votes was required to make a majority of the board.

Where in an action against a corporation by the treasurer for the balance due him on his account, which had been audited, and adopted by the board of directors, there is sufficient appearing upon the records of the company to

raise a doubt as to the action of the board being of such character as to be binding upon the company, the defendant should be permitted to inquire into the action of the auditors and directors, so far as to determine whether there had been a *bona fide* allowance of the plaintiff's account as presented.

Although neither the auditors nor the directors of a corporation may be the proper persons to fix the salary of the treasurer, yet, when he puts in a claim for compensation for services actually performed, the directors are the proper persons to act upon the question as to the amount to be allowed.

ASSUMPSIT for the services of the treasurer of the Windham County Mining Company, and for the balance due on his account of receipts and disbursements. Plea the general issue and a plea in offset. Trial by jury, April Term, 1862. BAR= RETT, J., presiding.

The by-laws of the company provide that notice of the annual and special meetings shall be given at least ten days previous thereto, specifying the time and place of meeting, &c.

Also that no action at any meeting shall be valid unless a majority in interest of the stockholders be present—and that auditors shall be elected by the directors—and that all the accounts of the treasurer, and all the money accounts of the company shall be audited by the auditors.

The records of the meetings of the company did not show that they were called in accordance with the requirements of the by-laws, or that the auditors were elected by the directors. The records show that S. M. Waite was chosen secretary May 6, 1857—and treasurer, January 7, 1858. Also that said Waite and Jarvis F. Burroughs were chosen auditors, January 7, 1858, and again January 5, 1859, and that Waite was again chosen treasurer at the last meeting. And that at the meeting of June 16th, 1860, the treasurer's account was received and accepted as audited by J. F. Burroughs auditor, and ordered to be sent to the president of the company.

On trial, the plaintiff gave in evidence the act of incorporation of the defendants.

The plaintiff then offered in evidence the records of the defendants—and read to the jury the record of the meeting of May 6,

1857, the record of the meeting of January 6, 1858, and of the adjourned meeting of January 7, 1858, the record of the meeting of January 5, 1859, and the record of the meeting of June 16, 1860, —to all of which the defendants objected, and they were received subject to the objection ; to which the defendants excepted. The plaintiff gave in evidence the by-laws of the corporation, which were admitted to be the by-laws under which the defendants acted.

The plaintiff was called as a witness, and produced an account of his receipts and disbursements as treasurer and of his services as secretary and treasurer, of the defendants, and testified; that he had received and expended the money and rendered the services as entered thereon. The plaintiff further testified that the meeting of January 5, 1859, was called in the manner required by the by-laws. The defendants objected to proof of this fact by parol evidence, but the court overruled the objection ; to which the defendants excepted.

The plaintiff further testified, that the doings of that meeting were treated as void, for the reason that a majority of the stock was not represented at the meeting, and the business of the corporation continued thereafter to be done by the officers elected at the meeting in January, 1858. The plaintiff further testified, that at a meeting in January, 1858, David Heaton 2d, Roswell Hunt, John Hunt, Jarvis F. Burroughs and the plaintiff were all the stockholders present, and that Heaton held proxies on a majority of the stock and voted thereon ; but the proxies were not produced, and as nothing appeared upon the records in respect thereto, the defendants objected to this evidence by parol ; but the court received the evidence, to which the defendants excepted. No evidence was introduced as to the manner in which the meeting held in January, 1858, was notified,—and no evidence was given except by parol as above stated, of the numbers of shares of the capital stock represented by the stockholders then present.

The plaintiff further testified, that the services rendered by him were reasonably worth the sum charged, and that he had

vouchers for the expenditure of the several sums of money charged upon his account as having been expended by him.

The plaintiff also offered to prove, that his account had been examined and allowed by Jarvis F. Burroughs and himself, as appeared by the endorsement upon it, signed by himself and Burroughs. To this evidence the defendants objected, but the objection was overruled by the court; to which the defendants excepted.

The defendants gave in evidence a transcript of the same account which had been sent by the plaintiff to the president of the company immediately after the meeting of June 16, 1860, with an endorsement signed by Jarvis F. Burroughs thereon.

The defendants also gave in evidence the stock book of the corporation, from which it appeared that the capital stock of the corporation was divided into 4000 shares, and that, at the time of the meeting in January, 1858, David Heaton 2d, was the owner of 600 shares, Roswell Hunt was the owner of 200 shares, John Hunt was the owner of 200 shares, Jarvis F. Burroughs was the owner of 150 shares and the plaintiff was the owner of 50 shares.

The defendants insisted that there was no legal evidence that the meeting of January 6, 1858, or any other meeting of which the record had been read, was called in accordance with the requirements of the by-laws, and that there was no legal evidence that at either of the meetings there was represented a majority of the stock of the corporation; that this must be proved by record evidence, and that the want of that evidence could not be supplied by parol; and that therefore Jarvis F. Burroughs and the plaintiff were not legally shown to be elected auditors of the corporation. And the defendants further insisted, that, as it appeared by the records, that the said persons were elected auditors by the stockholders, and not by the directors, as required by the by-laws, that therefore they were not legally elected auditors,—and that, for these reasons, and each of them, their action in auditing the account produced by the plaintiff was not binding and conclusive upon the defendants; that by the by-laws, the auditors were only

empowered to examine and allow the treaserer's account of his receipts and disbursements, and that therefore the action of the auditors was not conclusive upon the defendants as to the amount charged by the plaintiff for personal services as secretary and treasurer ; that the transcript of the plaintiff's account, produced, by the defendants, was to be treated as the original account, and that it was not shown to be so audited and allowed as to be conclusive upon the defendants, for the reason, that it was not signed by both auditors, and for the reason that it did not show that it was signed by Burroughs as " auditor ;" that, inasmuch as the account contained charges for personal services of said Burroughs, and also charges for the expenditures and personal services of the plaintiff, it was not competent for Burroughs and the plaintiff to audit the account and thereby render their action conclusive upon the defendants.   And the defendants also insisted, that it was not competent for the directors, by any action, to fix the salary of an officer of the company,—that this must be either by the by-laws, or by action of the stockholders.   And the defendants offered to prove, that, July 10, 1860, when the plaintiff delivered the books of the corporation to new officers of the corporation, then elected, he stated to the new officers that he had not put himself to much trouble about the business,—that he saw that the stockholders in Providence, R. I., were inclined to manage the business themselves, and that he was inclined to let them do so, and that he had done no more than was necessary to keep his books straight, and that the books then delivered,—which were the same now produced in court,—were all the books of the corporation that he had or knew of; and the defendant further offered to prove, that the services rendered by the plaintiff for the corporation were in fact worth much less than $300 per year, which was the rate of price charged by him upon his account ; and the defendants further insisted that, under the pleadings in this case, they were entitled to require of the plaintiff that he produce his vouchers for the expenditure of the money charged by him as expended, and that he show affirmatively, that he had in fact expended the money which he admitted he had received,

and they claimed the right to cross examine the plaintiff upon this point. And the defendants insisted that the evidence so offered should be submitted to the jury, with a charge by the court in accordance with the several claims made by the defend-ants above stated.

But the court decided, that the action of the said auditors in auditing and allowing the account of the plaintiff, as shown by the account produced by him, was binding and conclusive upon the defendants, and directed the jury to return a verdict for the plaintiff for the balance shown due by the account of the plaintiff as thus audited, with interest from the time it was so audited.

To which decision and direction of the court, and the refusal of the court to receive the evidence offered as aforesaid, and the refusal of the court to hold and charge as insisted by the defend-ants, as above stated, and the decisions of the court in receiving the evidence offered by the plaintiff as above stated, the defend-ants excepted.

*Washburn & Marsh*, for the defendants.

———— ———, for the plaintiff, cited upon the point that there was sufficient and proper evidence that the meetings were called in accordance with the by-laws; *McDaniels* v. *Flower Brook Manf. Co.*, 22 Vt. 274; *Hall* v. *Casey*, 2 Geo. 239, 9 U. S. Dig. Art. 39, p. 108; *Blanchard* v. *Dow*, 32 Maine, 12 U. S. Dig. Art. 119, p. 139; *Susquehannah Bridge Co.* v. *Gen'l Ins. Co.*, 3 Md. 305, 14 U. S. Dig. Art. 136, p. 127; and to show that the plaintiff and Burroughs were legally elected auditors, *Noyes* v. *R. & B. R. R. Co.*, 27 Vt. 112; *Warner* v. *Mower et al.*, 11 Vt. 391 *Bradley* v. *Richardson et al.*, 23 Vt. 720; *Hastings* v. *Blue Hill Turnpike Co.*, 9 Pick. 82; *Burr* v. *McDonald*, 3 Grattan 215, 7 U. S. Dig. Art. 27, p. 135.

· By receiving and accepting the account of the treasurer as audited at the meeting of June 16, 1860, and no objection hav-ing been made to it by the president or the corporation, or to the authority of Burroughs allowing it, they are now estopped from

denying their liability. *Bradley* v. *Richardson,* 23 Vt. 720 ; *Dedham Bank* v. *Chickering,* 3 Pick. 339 ; *Hayward* v. *the Pilgrim Society,* 21 Pick. 270.

PIERPOINT, J. It is objected by the defendants that the records of the annual meeting of the corporation, held in 1858, do not show that such meeting was called according to the requirements of the by-laws of the company ; nor that a majority of the stock was represented at the meeting, and that parol evidence was not admissible to supply such deficiency in the record.

Without stopping to inquire as to the soundness of this objection, as a general proposition, we think that under the circumstances of this case, it is not competent for the defendants to avail themselves of this objection. A meeting of the stockholders of the corporation was held at the time and place specified in the by-laws, for the election of the officers thereof, on the 6th day of January, 1858. At such meeting, the officers, as required by the by-laws, were appointed, consisting of a board of five directors and a secretary. The meeting was adjourned to the next day, when a president, treasurer, and two auditors were appointed. It appears that these several officers entered upon the duties of their respective offices, and continued to discharge those duties, and to conduct, and carry on the business of the corporation for over two years, and until after the account in controversy had accrued and the plaintiff had resigned his office as treasurer of the corporation. No objection appears to have been made by any stockholder to any of their proceedings, or to the action of those officers, but the whole appears to have been acquiesced in by all the parties interested, as being entirely satisfactory, and the question now does not arise in regard to any unfaithfulness on the part of the plaintiff in the discharge of his duties as treasurer, but as to the amount of compensation he is entitled to, for such services.

We think it is now too late for the corporation to set up an apparent inequality in the appointment of their officers, to defeat their recovering a just compensation for the services rendered in

the business of the corporation, and of which they have had the benefit. I say an apparent defect, because there is nothing in the case to show that the requirements of the by-laws were not strictly complied with in fact,—the records show nothing one way or the other on the subject.

Regarding the officers of the corporation, and the auditors, for the purposes of this case, as officers in fact and properly appointed, an important question arises as to the effect that was given by the county court to the action of the . auditors in allowing the account of the plaintiff as treasurer, the balance of which is sought to be recovered,

The court below decided that the action of the auditors allowing the plaintiff's account was conclusive upon the defendants, and directed a verdict for the plaintiff.

We are clearly of the opinion that the action of the auditors alone, allowing the account, cannot be regarded as conclusive upon either party. The by-laws require that all the accounts of the treasurer and all money accounts of the company, shall be audited by a committee appointed by the board of directors for that purpose. In view of this provision, at the meeting in January, 1858, above referred to, J. F. Burroughs and S. M. Waite, the plaintiff, were appointed such committee. Passing for the present all questions as to the authority by which they were appointed, and the policy, or propriety of appointing a man to act upon the auditing of his own account, or the effect of his action in the premises, it is quite apparent to us that the action of such committee would not be conclusive upon the parties. The nature and purpose of their appointment, clearly indicates that this committee were to return their doings to the board of directors, to be by them acted upon, accepted and adopted, before the company would in any respect be concluded thereby. The directors are the appropriate body to pass finally upon all such matters, as are involved in the treasurer's account. The doings of the treasurer, are to a great extent under the direction and control of the directors and are necessarily based principally upon their action, in directing the business operations of the company,

And especially should this be so, when, as in this case, both the auditors are directly interested in the account to be acted upon. Waite, the plaintiff, being both treasurer and auditor, his action on the subject would be a mere farce, and wholly inoperative. Burroughs, the other auditor, is interested to the amount of his salary, and thus far certainly his action could be no better.

But it is said the case shows, that the report of the auditors upon this account, was at a meeting of the board of directors holden on the 16th of June, 1860, accepted and allowed as audited, and then became conclusive upon the company, so that the court was justified in directing a verdict. Now what does the case show as to the action of the directors in the matter on said 16th of June? It appears from the record that prior to this time, Hoppin, one of the directors and the president, had vacated his position, and Binney of Providence, R. I., at this meeting, was appointed a director and president in his place. Who of the directors was present at this meeting of the board of directors, the record does not show, but they ordered the account of the treasurer to be sent to the president, thus showing conclusively that Binney was *not* present. The remainder of the board consisted of David Heaton, John Hunt, S. F. Burroughs and S. M. Waite the plaintiff, so that there could not have been a majority of the board, to act upon the acceptance of the report without including either Burroughs or Waite, and their action as directors, in the matter, would seem subject to the same objection that existed to their action as auditors.

But suppose the action of the board of directors to have been regular, we think it would not then be absolutely conclusive upon the company. It might be impeached, by showing misconduct and fraud, or mistake on the part of the directors.

The county court by their rulings virtually excluded all inquiry into the subject. What an inquiry would have resulted in if the defendants had been permitted to pursue it, of course we cannot know, but there is sufficient appearing upon the record to raise a doubt as to the action of the board of directors being of such a character as to be binding upon the company. At all

events we think the defendants should have been permitted to inquire into the action of the auditors and the directors, so far as to determine whether there had been a *bona fide* allowance of the plaintiffs account as presented, and this perhaps might involve an inquiry to some extent into the character of the account itself. If upon such an examination it should be found that the account of the plaintiff had been honestly allowed by a competent board of directors, such allowance would be conclusive on the defendants.

It is insisted that neither the auditors, nor the directors, are the proper persons to fix the salary that shall be received by the treasurer or any other officer of the company. However that may be, here there has been no attempt to determine the amount of the salary that shall be received by the treasurer of the company or any other officer. The plaintiff's claim is for compensation for his services actually performed, and he stands in that respect on the same ground as any other person, who has performed service for the company, and claims his pay therefor, and the auditors are the proper persons to act upon the question as to the amount.

Judgment reversed and case remanded,